# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROY LEE BROWN,

        Petitioner,                      Case Number: 07-CV-11777

v.                                          HONORABLE AVERN COHN

JERI ANN SHERRY,

        Respondent.

_____/

## OPINION AND ORDER
## GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## AND
## DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING
## AND
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Roy Lee Brown (Petitioner) is incarcerated pursuant to state court convictions for first-degree murder and possession of a firearm during the commission of a felony. Petitioner has filed a petition for a writ of habeas corpus claiming that he was denied his right to the effective assistance of trial and appellate counsel. Before the Court is Respondent's motion for summary judgment on the ground that the petition was not timely filed and Petitioner's motion for equitable tolling of the statute of limitations. For the reasons which follow, Respondent's motion will be granted and Petitioner's motion will be denied.

### II. Background

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony. He

was sentenced on May 31, 1991, to life imprisonment for the murder conviction, to be served consecutively to two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting a single claim for relief, that insufficient evidence was presented to sustain Petitioner's convictions. The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Brown, No. 144421 (Mich. Ct. App. May 11, 1994). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. On December 28, 1994, the Michigan Supreme Court denied leave to appeal. People v. Brown, 447 Mich. 1045 (1994).

Approximately nine years later, on October 10, 2003, Petitioner filed a motion for relief from judgment in the trial court. He raised several ineffective assistance of trial counsel claims and an ineffective assistance of appellate counsel claim. The trial court denied the motion. People v. Brown, No. 91-0812 (Wayne County Circuit Court July 27, 2004).

Petitioner filed an application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. People v. Brown, No. 261274 (Mich. Ct. App. Oct. 17, 2005).

Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but it was rejected for filing because it was not filed within the applicable 56-day time period. See Affidavit of Corbin R. Davis, dated June 18, 2007.

Petitioner filed the pending petition on April 17, 2007.

2

### III. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

Here, Petitioner's conviction became final before the AEDPA's effective date, April 24, 1996. Therefore, absent state collateral review, Petitioner was required to file his application for habeas corpus relief by April 24, 1997, to comply with the one-year limitations period. Petitioner failed to do so. His motion for relief from judgment was filed in the trial court on October 10, 2003, over six years after the limitations period expired. Therefore, it did not serve to toll the limitations period.

Petitioner concedes that his petition was not filed within one year of the date his conviction became final. He argues, however, that the limitations period should be equitably tolled.

Although the Supreme Court has not yet decided whether equitable tolling of the AEDPA's one-year limitations period applies to otherwise untimely claims, Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007), the Court of Appeals for the Sixth Circuit has held that equitable tolling of the one-year limitations period may be appropriate in certain extraordinary circumstances. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. Id. *citing* Dunlap v. U.S., 250 F.3d 1001, 1008 (2001).

Petitioner filed a Motion for Equitable Tolling and a Response to Respondent's Motion for Summary Judgment, in which he argues that equitable tolling should be applied for the following reasons: he was totally ignorant of the law and unaware of the statute of limitations; after educating himself in the law, he diligently pursued his rights; the claims raised in his habeas petition were only recently litigated in state court and thus Respondent would not be prejudiced by allowing him to proceed; his ignorance of the law was reasonable given the complexity of the law; and, the Michigan Supreme Court unjustly prohibited him from filing a late application for leave to appeal the denial of his motion for relief from judgment.

None of Petitioner's reasons support equitable tolling. First, the Sixth Circuit has consistently held that "ignorance of the law is not sufficient to warrant equitable tolling."

4

Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). This is so even when the petitioner is acting *pro se* and is uneducated. See Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002). Thus, Petitioner's claim that he was unlearned in the law will not serve to delay the running of the one-year limitations period.

Next, Petitioner claims that he was diligent in pursuing his rights. However, this claim is not supported by the record before the Court and is based, in large part, on Petitioner's claimed ignorance of the law. As stated, ignorance of the law will not justify equitable tolling. See Allen, 366 F.3d at 403. Petitioner waited over six years after his conviction became final to file a motion for relief from judgment. While the Court acknowledges that a layperson may at times have difficulty navigating the law of habeas corpus, tolling the limitations period for six years based upon a claim that a petitioner had to educate himself before filing a *pro se* pleading would render the limitations period meaningless.

Petitioner also argues that the limitations period should be equitably tolled because the Respondent has not been prejudiced by the delay. The "absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." Vroman v. Brigano, 346 F.3d 598, 605 (6th Cir. 2003). No such factor has been identified here.

Finally, Petitioner argues that he is entitled to equitable tolling because the Michigan Supreme Court's rejection of his application for leave to appeal the trial court's denial of his motion for relief from judgment as it was untimely was unjust. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on October 17, 2005. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the

5

date of the Michigan Court of Appeals decision to file a delayed application for leave to appeal. Petitioner argues that he did not receive notice of the Michigan Court of Appeals decision until February 2006, because he had been transferred to a different prison while his appeal was pending, and, therefore, could not comply with Rule 7.302(C)(3). In addition to being outside the province of federal habeas review, the relative fairness of the Michigan Supreme Court's refusal to accept his application for filing is irrelevant to the timeliness of Petitioner's habeas petition. The time for filing a habeas petition expired over six years before Petitioner sought collateral relief in state court. Therefore, tolling the limitations period for the time during which Petitioner was unaware of the Michigan Court of Appeals' decision would not render the habeas petition timely.

## IV. Conclusion

For the reasons stated above, the petition was not filed within the applicable one-year limitations period and equitable tolling is not warranted. Accordingly, Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion for Equitable Tolling is **DENIED**.

The petition is **DISMISSED**.

**SO ORDERED**.

Dated: January 9, 2008        s/Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Roy Brown, 217108, Chippewa, Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 on this date, January 9, 2008, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5160

6